# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **TIMMY S. HODGES,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION FILE NO.** |
| | : | **1:17-cv-00851-TWT-AJB** |
| **v.** | : | |
| | : | |
| **JP MORGAN CHASE BANK, NA;** | : | |
| **US BANK NATIONAL** | : | |
| **ASSOCIATION,** | : | |
| *as indenture trustee for* | : | |
| *HomeBanc Mortgage Trust 2005-1,* | : | |
| | : | |
| **Defendants.** | : | |

## UNITED STATES MAGISTRATE JUDGE'S
## <u>FINAL REPORT AND RECOMMENDATION</u>

The matter is presently before the Court on Defendants' motion to dismiss

(the "Motion"). [Doc. 2]. For the reasons set forth herein, the undersigned

**RECOMMENDS** that the Motion be **GRANTED**.

## *I.* *Background*

On November 5, 2004, to purchase a property at 5145 Millwood Drive, Canton,

Georgia 30114 (the "Property"), Plaintiff and Sharon Hodges ("Mrs. Hodges")

executed a promissory note for the principal amount of $438,200 to HomeBanc

Mortgage Corporation ("HomeBanc"). [Doc. 1-1 at 2-3]. In connection with the same,

Plaintiff and Mrs. Hodges also executed a fixed/adjustable rate note in the same amount and on the same date in favor of HomeBanc, its successors, and assigns, [Doc. 2-2], and a security deed encumbering the Property for HomeBanc, its successors, and assigns, which was recorded on November 15, 2004, [Doc. 2-3], (collectively "the Loan Documents").

Plaintiff claims that the security deed was assigned to U.S. Bank and recorded on March 11, 2004. [Doc. 2-1 at 3]. However, Defendants claim that this assignment was executed on February 24, 2009, but was effective January 30, 2005 and recorded March 17, 2009. [Doc. 2-4]. Plaintiff claims that, on October 26, 2016, he was notified by JP Morgan Chase Bank ("Chase"), the servicer of these Loan Documents, that Select Portfolio Servicing ("SPS") would become the servicer effective November 1, 2016 and all inquiries, modifications, and payments should be remitted to them. [Doc. 1-1 at 3]. Defendants claim that Chase is the servicer. [Doc. 2-1 at 4]. Plaintiff claims that, on December 29, 2016, he received a 30-day notice of intent to foreclose upon the Property from McCalla Raymer Pierce, LLP and another notice on January 4, 2017. [Doc. 1-1 at 4].

2

Plaintiff initially filed this action in the Superior Court of Cherokee County, Georgia, on February 6, 2017. [Doc. 1-1].[1] In his complaint, Plaintiff claims that Defendants failed to comply with Georgia law governing foreclosure procedures (citing O.C.G.A. § 44-2-60) and is, therefore, barred from foreclosing on the Property. [Doc. 1-1 at 5]. Plaintiff seeks declaratory and injunctive relief in the form of the Court finding that Defendants are or have attempted to wrongfully foreclose on the Property, ordering that Plaintiff receive a transfer of servicing provider before any actions proceed by Chase, and enjoining the current foreclosure so that Plaintiff can "work with the correct servicer." [*Id.* at 5-6].

On March 8, 2017, Defendants removed the case to this Court, on the grounds of diversity jurisdiction. [Doc. 1 at 2-3]. Defendants filed the pending Motion on April 5, 2017 with a memorandum, [Doc. 2-1], and three exhibits in support of same [Docs. 2-2 to -4]. Plaintiff, who is proceeding *pro se*, did not respond. [*See* Dkt. *passim*].

A failure to file a timely response "shall indicate there is no opposition to the motion." N.D. Ga. R. 7.1.B. It is within the discretion of the Court to decline to

---

[1] The Cherokee County Superior Court Clerk assigned the matter Case No. 17CV0203-CM. [Doc. 1-1].

3

AO 72A
(Rev.8/8
2)

consider any motion that fails to comply with the Local Rules. *Id.* at 7.1.F. However, courts in this District generally do not grant a motion to dismiss based on a *pro se* plaintiff's failure to respond to the motion. *Daniel v. United States*, 891 F. Supp. 600, 602 n.1 (N.D. Ga. 1995) (Hull, J.) (stating that a motion to dismiss for failure to state a claim cannot be granted on the basis that plaintiff fails to respond); *see also Johnson v. Am. Meter Co.*, 412 F. Supp. 2d 1260, 1262 n. 3 (N.D. Ga. 2004) (Carnes, J.) (addressing merits of motion to dismiss despite plaintiff's failure to timely respond to such motion); *Lane v. Wells Fargo Home Mortg.*, Civil Action No. 1:10-CV-2385-RWS, 2010 WL 5087855, *1 (N.D. Ga. Dec. 7, 2010) (Story, J.). Thus, without condoning Plaintiff's failure to adhere to the Local Rules, this Court declines to summarily dismiss the case solely on procedural grounds but, instead, reviews the merits of the instant Motion.

## II.    *Motion to Dismiss Standard*

Defendant seeks dismissal under Fed. R. Civ. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, a

4

court "must accept the facts pleaded as true and construe them in a light most favorable to [the] plaintiff[]." *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983). At the same time, however, a court should not accept "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). And while a complaint need not contain detailed factual allegations, mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *accord Iqbal*, 556 U.S. at 678-79 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and are "not entitled to the assumption of truth."). Rather, plaintiffs are required to make factual allegations that are "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Complaints must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (internal quotation marks omitted). The court also may dismiss a complaint pursuant to Rule 12(b)(6) when, on the basis of a dispositive issue of law,

5

AO 72A
(Rev.8/8
2)

no construction of the factual allegations will support the cause of action. *Marshall*

*Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### III. *Analysis*

#### A. **Wrongful Foreclosure Claim**

Plaintiff bring his wrongful foreclosure claim under Georgia law, which

" 'requires a plaintiff asserting a claim of wrongful foreclosure to establish a legal duty

owed to it by the foreclosing party, a breach of that duty, a causal connection between

the breach of that duty and the injury it sustained, and damages.' " *DeGolyer v. Green*

*Tree Servicing, LLC*, 291 Ga. App. 444, 448, 662 S.E.2d 141, 147 (2008) (quoting

*Heritage Creek Dev. Corp. v. Colonial Bank*, 268 Ga. App. 369, 371, 601 S.E.2d 842,

844 (2004)). Plaintiff has not asserted that Defendants actually foreclosed upon the

property. [*See* Doc. 1-1 at 5]. Accordingly, Plaintiff cannot sustain his claims against

Defendants for wrongful foreclosure.

It appears that Plaintiff's claim is more accurately characterized as a wrongful

attempted foreclosure claim, and, given Plaintiff's *pro se* status, the Court will analyze

it as such.

In order to assert a claim for attempted wrongful foreclosure under Georgia law,

a plaintiff must allege " 'a knowing and intentional publication of untrue and

6

AO 72A
(Rev.8/8
2)

derogatory information concerning the debtor's financial condition, and that damages were sustained as a direct result of this publication.' " *Jenkins v. McCalla Raymer, LLC*, 492 Fed. Appx. 968, 972 (11th Cir. Oct. 25, 2012) (quoting *Aetna Fin. Co. v. Culpepper*, 171 Ga. App. 315, 319, 320 S.E.2d 228, 232 (1984)); *see also Sale City Peanut & Milling Co. v. Planters & Citizens Bank*, 107 Ga. App. 463, 465, 130 S.E.2d 518, 520 (1963); *see also Morgan v. Ocwen Loan Servicing, LLC*, 795 F. Supp. 2d 1370, 1377 (N.D. Ga. 2011) (Totenberg, J.) (citing cases).

Defendants note that Plaintiff has not claimed that Defendants: (1) improperly alleged a default; (2) published anything untrue about Plaintiff's financial condition; or (3) that Plaintiff suffered damages as a result of the same. [Doc. 2-1 at 8]. As Plaintiff has not pled the elements of an attempted wrongful foreclosure claim, he has not stated a plausible claim for relief. *Alexander v. Bank of America, N.A.*, No. 2:13-CV-0067-RWS, 2014 WL 106349, at \*5 (N.D. Ga. Jan. 10, 2014) (dismissing attempted wrongful foreclosure claim where the plaintiff did not dispute his default on the underlying obligation but simply disputed whether the defendant was the proper entity to call his loan into default). Accordingly, Plaintiff cannot sustain his claim for attempted wrongful foreclosure and the Court **RECOMMENDS** to the District Judge that those claims be **DISMISSED**.

7

AO 72A
(Rev.8/8
2)

## B. Injunctive Relief

Defendants argue that Plaintiff cannot receive the requested injunctive relief–enjoining Defendants' foreclosure of the Property and obtaining an order that Chase furnish Plaintiff with a transfer of servicer–because Chase is entitled to foreclose on the property due to Plaintiff's default. [Doc. 2-1 at 8 (citing *Sparra v. Deutsche Bank Nat. Trust Co.*, 336 Ga. App. 418, 420, 785 S.E.2d 78, 82 (2016))]. First, Defendants claim that Chase's commencement of foreclosure proceedings does not, as Plaintiff asserts, violate O.C.G.A. § 44-2-60, because that statute does not provide a mortgage loan borrower with an alleged notice violation cause of action. [*Id.* at 10 (citing *Randall v. Bank of America, N.A.*, No. 1:14-cv-2981-TCB-ECS, 2015 WL 11978533, at *5 (N.D. Ga. May 28, 2015) (internal citations omitted))]. Second, Defendants claim that a borrower is only entitled to an injunction against a foreclosure sale under a power in the deed if he pays or tenders to the creditor the amount due. [*Id.* at 9 (citing *Sparra*, 336 Ga. App. at 420-21, 785 S.E.2d at 82 (internal citations omitted))].

Defendants are correct. O.C.G.A. § 44-2-60 pertains to the county superior court's jurisdiction over all petitions and proceedings regarding land in that county. Moreover, the Property's security deed shows that Plaintiff owes a debt to HomeBanc

8

and its assigns, [Doc. 2-3 at 3], whereas the Assignment, [Doc. 2-3], shows that HomeBanc assigned this deed to Chase.[2] In addition, Plaintiff failed to respond to Defendants' argument that he defaulted under the security deed.[3] Consequently, there is no plausible dispute that Plaintiff defaulted under the deed assigned to Chase and failed to cure the same. As a result, Plaintiff is not entitled to an injunction requiring Defendants to furnish any special notice of the foreclosure or to delay or abort it.

Accordingly, Plaintiff cannot show that he is entitled to relief sought in the complaint and this Court **RECOMMENDS** to the District Judge that his complaint be **DISMISSED**.

## *IV.    Conclusion*

For the reasons set forth herein, the undersigned **RECOMMENDS** that Defendants' motion to dismiss, [Doc. 2], be **GRANTED** and that Plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

---

[2]    In a case challenging a foreclosure and a motion to dismiss the complaint, judges in this District have held that the court may take judicial notice of certain public records attached to a motion to dismiss. *See Hennington v. Greenpoint Mortg. Funding, Inc.*, Nos. 1:09-cv-00676-RWS, 1:09-cv-00962-RWS, 2009 WL 1372961, at *4 (N.D. Ga. May 15, 2009). Here, too, the Court will take judicial notice of the all public records attached to the parties' filings, that is [Docs. 1-1 to 1-2, 2-3 to -4].

[3]    *See supra* at 3 explaining that, under N.D. Ga. R. 7.1.B, a failure to file a timely response "shall indicate there is no opposition to the motion."

9

The Clerk is **DIRECTED** to terminate the referral to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this the 8th day of September, 2017.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/8
2)